IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REGINALD BILLINGSEA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 5:13-CV-16 (CAR) |
| GRAPHIC PACKAGING | : | |
| INTERNATIONAL, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER ON PLAINTIFF'S MOTION TO FILE AMENDED COMPLAINT AND DEFENDANT'S MOTION TO DISMISS

Before the Court are Defendant's Motion to Dismiss [Doc. 3] and Plaintiff's subsequent Motion for Leave to File Amended Complaint [Doc. 9]. Having considered the Motions, the responses thereto, and the applicable law, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint [Doc. 9]. Plaintiff may file an amended complaint asserting his claim under the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("§ 1981"). The Court also **GRANTS** Defendant's Motion to Dismiss [Doc. 3] as to Plaintiff's claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), which is hereby DISMISSED.

### BACKGROUND

Plaintiff asserts that on January 23, 2009, Defendant terminated him based on his race in violation of Title VII. Plaintiff filed a previous lawsuit against Defendant

1

alleging the same facts—*Billingslea v. Graphic Packaging International, Inc.*, Case No. 5:11-CV-273 (MTT)—that on December 1, 2011, the Court dismissed without prejudice for Plaintiff's failure to serve Defendant.[1] A year later, on December 17, 2012, Plaintiff filed this action in Houston County Superior Court which Defendant properly removed to this Court pursuant to 28 U.S.C. §§ 1441(a) & (c) on January 14, 2013.

The day after Defendant removed the case to this Court, Defendant filed its Motion to Dismiss arguing Title VII bars Plaintiff's claims because Plaintiff filed his Complaint outside the 90-day statutory period for filing a Title VII action. Plaintiff does not contest Defendant's argument and instead seeks to amend his Complaint to assert his claims pursuant to § 1981 which does not impose such a time requirement.

## DISCUSSION

**Motion to Amend Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading only by leave of court or by written consent of the adverse party after a responsive pleading has been served.[2] Pursuant to Rule 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be "freely give[n] when justice so requires."[3] As a result, if a court denies a timely filed

---

[1] Order Dismissing Case Without Prejudice, *Reginald Billingsea v. Graphic Packaging International, Inc.*, Case No. 5:11-CV-273 (MTT), Doc. 5.
[2] Fed. R. Civ. P. 15(a).
[3] *Id.*; *Nat'l Ind. Theatre Exhibitors, Inc. v. Charter Fin. Gp., Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984).

motion for leave to amend, it must provide substantial justification.[4]  "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, [ ] undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'"[5]  The decision whether to grant leave to amend a complaint is within the sound discretion of the district court,[6] and "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."[7]

    Here, the Court is not persuaded by any of Defendant's arguments that it would suffer prejudice if the Court allows Plaintiff to amend his Complaint to assert his claims under § 1981.  No discovery has taken place in this case, and no scheduling and discovery order has been entered.  Plaintiff's §1981 claim is based on the same circumstances and conduct set forth in the original complaint. Accordingly, the Court finds that justice requires leave to amend, and Plaintiff's request to amend the Complaint to bring a cause of action under § 1981 is **GRANTED**.

**Motion to Dismiss**

    The Court agrees with Defendant that Plaintiff's Title VII claim must be dismissed because Plaintiff failed to bring the claim within 90 days of his receipt of the EEOC Dismissal and Notice of Rights.  A plaintiff asserting a Title VII discrimination

---

[4] *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001).
[5] *Id.*
[6] *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).
[7] *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

claim must file suit "within ninety days after the giving of . . . notice" that the plaintiff's charge of discrimination has been dismissed by the EEOC.[8]  It is well-settled that this means a complainant must file a Title VII suit within 90 days after "receipt" of the notice of right to sue.[9]  Although Plaintiff fails to allege when he received the notice of right to sue in this Complaint, Plaintiff clearly alleged on the face of the complaint in his previous lawsuit that he received the notice "no sooner than February 4, 2009."[10]

On a motion to dismiss, the Court limits its consideration to the pleadings and exhibits attached thereto.[11] However, "the Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment."[12]  This is because such documents are capable of accurate and ready determination.[13] Thus, this Court may review documents filed in other judicial proceedings to recognize the subject matter of the litigation and issues decided without converting the motion to dismiss to a motion for summary judgment. Accordingly, this Court takes judicial notice of *Billingslea v. Graphic Packaging*

---

[8] 42 U.S.C. § 2000e-5(f)(1); *see also Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000).
[9] *Zillyette v. Capital one Financial Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999).
[10] Complaint, *Reginald Billingsea v. Graphic Packaging International, Inc.*, Case No. 5:11-CV-273 (MTT), Doc. 1 at ¶2.
[11] *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).
[12] *Martin K. Eby Const. Co., Inc. v. Jacobs Civil, Inc.*, Case No. 3:05-CV-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006); *see also Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999).
[13] *Id.*

*International, Inc.*, Case No. 5:11-CV-273 (MTT), and the Complaint in which Plaintiff states he received his EEOC Notice on February 4, 2009.

Quite clearly, Plaintiff's Title VII claims must be dismissed. Plaintiff received the notice of right to sue on February 4, 2009, and filed suit more than two years later on December 12, 2012, clearly outside Title VII's 90-day time limit. Indeed, Plaintiff appears to agree his Title VII claims are untimely because instead of filing a response to Defendant's Motion to Dismiss, he sought only to amend the Complaint to assert his claims under § 1981. Thus, Defendant's Motion to Dismiss is GRANTED as to Plaintiff's Title VII claims.

## CONCLUSION

In sum, Plaintiff's Motion for Leave to File Amended Complaint [Doc. 9] is **GRANTED**, and Plaintiff may assert his claim under § 1981. Plaintiff is **DIRECTED** to file the amended complaint as a separate document on the docket within seven (7) days of the date of this Order. Once filed the amended complaint will supersede the original complaint filed in this case.[14]

Defendant's Motion to Dismiss Plaintiff's Complaint [Doc. 3] is also **GRANTED** as to Plaintiff's Title VII claim which is hereby DISMISSED as untimely.

---

[14] S*ee Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint);

**SO ORDERED,** this 17th day of May, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

SSH